ADOLPHUS ORINO *vs.* ALBERT BELIVEAU.

Oxford.    Opinion December 27, 1922.

*Res adjudicata.*

It is not necessary to pass upon the legal effect of the retention by the plaintiff of the check sent to him by the defendant, as the whole matter was res adjudicata except as to the $300 and res adjudicata as to that so far as the amount was concerned. There was no error in the action of the clerk, nor was the plaintiff aggrieved, as he received the full amount legally due him.

On exceptions. This case was taken to the Law Court on exceptions by the plaintiff to a ruling denying his motion to change a docket entry made in the case. Exceptions overruled.

The case is fully stated in the opinion.

*Joseph E. F. Connolly and Clinton C. Palmer*, for plaintiff.

*Albert Beliveau, pro se*, for defendant.

Sitting: Cornish, C. J., Spear, Philbrook, Dunn, Wilson, Deasy, JJ.

Dunn, J. did not participate.

Spear, J. In 1917, the plaintiff, in the present case, brought an action as assignee of Oscar U. Sullivan, against the defendant for money had and received, for the sum of $625.00. This was an equitable action and entitled the plaintiff to recover whatever was legally or equitably due him. In the present case he also brings an action for money had and received for the same $625.00, alleging that no part of said money has been paid either to the plaintiff or Sullivan.

The former case, found in the *Memorandum Decisions*, 120 Maine, 550, was heard by the presiding Justice with the right of exceptions as to matters of law, who found the following facts, as stated in the exceptions:

"after hearing the evidence submitted by the parties and the admissions made by them the Court found and decided and gave judgment in favor of the defendant and against the plaintiff and in and by said findings, decision and judgment ruled that defendant was entitled to credit for and on account of said sum of $625.00 for the following amounts, to wit, for the sum of $25.00 applied by defendant as due him for the costs of said action of *Sullivan* v. *McCafferty* and for the sum of $300.00 applied by defendant as compensation due him for his services as attorney for said Sullivan in said action under agreement made by and between said Sullivan and defendant, and for $280.97 paid Rumford Trust Co. and for $25.00 paid said Sullivan and to said rulings, findings, decision and judgment in so far as thereby defendant was found entitled to credit for said sum of $25.00 costs and for said sum of $300.00 as agreed compensation and to each of said rulings, decisions and findings plaintiff excepts and prays that his exceptions may be allowed."

The finding as to the amount due the plaintiff and what amount was paid to him involved pure questions of fact. No question of law was involved, consequently the finding upon the facts constituted a judgment of the court.

The Law Court in passing upon the questions of fact found as follows: "Upon the facts, the Justice ordered judgment for the defendant. From that finding, it appears that the defendant had

collected $625.00 on the judgment in favor of Sullivan and had paid out over $300.00 of it, on Sullivan's account and retained $300.00 for his services, under a contract which Sullivan claims to be champertous. The plaintiff, Sullivan's assignee, accordingly brought an action for money had and received for the recovery from the defendant of the $300.00. No question is raised as to the money paid out on Sullivan's account."

These findings of fact were in no way disturbed by the court in passing upon the exception.

In accounting for the $625.00 which the defendant had in his hands, he claimed, and was allowed by the sitting Justice, the sum of $300.00 as reasonable fee for his services. But the plaintiff, whose assignor was equally culpable with the defendant morally, in making a champertous contract to deprive the defendant of what would otherwise have been justly and equitably due him, raised the question of champerty, which did and could affect only the fee which the defendant retained and claimed. And the court so found, as follows: "The defendant claims that, even though the agreement was champertous, he is entitled to receive the value of his services upon a quantum meruit. It is the opinion of the court, however, that he cannot so recover, and that, consequently, the three hundred dollars which he held in his hands should not have been allowed against the plaintiff's claim."

Thus it clearly appears that the finding of the court in the first case was res adjudicata in the second case, except as to the sum of $300.00, which the court disallowed on account of the champertous contract by virtue of which it was claimed. The case was properly certified to the trial court, where, at the October term, 1921, said case was duly called for trial and was defaulted by agremeent of defendant . . . . and damages assessed at $300.00. This entry was in accordance with finding and mandate of the court in the former case. The clerk found the full amount due the plaintiff to be the sum of $369.43, which amount the defendant sent the plaintiff, who retained the same with the reply that he had applied it to the account of $625.00 as claimed in his writ, not one cent of which was due in equity, law, or decency, above the $300.00 and costs which he retained.

It is not necessary to pass upon the legal effect of retaining the check, as the whole matter was res adjudicata except as to the $300.00

and res adjudicata as to that so far as the amount was concerned. There was no error in the action of the clerk, nor was the plaintiff aggrieved, as he received the full amount legally due him.

*Exceptions overruled.*